UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

HANDSOME LEE TOLLIVER, Petitioner,

v.  Civil Action No. 3:16-cv-P523-DJH

WARDEN AARON SMITH, Respondent.

\* \* \* \* \*

**MEMORANDUM OPINION**

Petitioner Handsome Lee Tolliver, a state prisoner incarcerated in the Kentucky State Reformatory (KSR), filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the petition, Petitioner challenges a January 13, 2016, decision of a KSR disciplinary officer, who "took good time of 300 or about and fix it that I will not receid any good time at all." He reports appealing the decision to the warden, who denied the appeal, and he advises that he has not filed "any other petitions, applications or motions concerning this issues raised in the petition." As relief, Petitioner seeks restoration of his good-time credits and the ability to earn good-time credits.

The Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing § 2254 Cases.[1] If the petitioner is not entitled to relief, the petition must be summarily dismissed. Upon review, the Court will summarily dismiss the § 2241 petition because Petitioner has not exhausted his state-court remedies.

---

[1] Rule 4 applies to § 2241 petitions pursuant to Rule 1(b) of the Rules Governing § 2254 cases.

Section 2241 authorizes a district court to grant a writ of habeas corpus if a petitioner establishes that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c)(3). Although the Sixth Circuit has suggested that there is a "serious question whether a state prisoner may proceed under § 2241," *Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006) (per curiam) (emphasis omitted), published decisions have permitted state prisoners to proceed under § 2241. *See Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 371-72 (6th Cir. 2001). Regardless under which statute Petitioner is proceeding, § 2254's exhaustion requirement applies to § 2241 petitions challenging the execution of a sentence, even though that statute does not mandate exhaustion by its own terms. *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006).

It is axiomatic that one may not seek federal habeas corpus relief until he has exhausted all available state remedies. § 2254(b); *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002) ("Habeas corpus relief is available only if the applicant first exhausts remedies available in state court."). As the Supreme Court in *O'Sullivan v. Boerckel* explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

526 U.S. 838, 845 (1999). The burden is on Petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Here, Petitioner has not carried his burden of showing that he has exhausted his state-court remedies. While he indicates that he exhausted the prison administrative remedies, he

concedes that he has not filed any other action concerning the January 13, 2016, decision of the disciplinary officer.

Kentucky provides an adequate remedy for restoration of good-time credits. *See* Ky. Rev. Stat. § 197.045 (good-time provisions); Ky. Rev. Stat. § 419.020 (state habeas proceeding). A Kentucky prisoner may challenge the computation of good-time credits in a state declaratory judgment action. *Smith v. O'Dea*, 939 S.W.2d 353, 355 (Ky. Ct. App. 1997) ("A petition for declaratory judgment pursuant to KRS 418.040 has become the vehicle, whenever Habeas Corpus proceedings are inappropriate, whereby inmates may seek review of their disputes with the Corrections Department."). A Kentucky state prisoner who seeks to obtain relief by way of a state declaratory judgment action is required to bring his petition pursuant to Ky. Rev. Stat. § 418.040 within one year of the date on which the prison warden affirms the challenged disciplinary decision. *See Million v. Raymer*, 139 S.W.3d 914, 918-19 (Ky. 2004) (adopting the one-year statute of limitations for personal injury actions used for constitutional claims brought pursuant to 42 U.S.C. § 1983 as the statute of limitations for declaratory judgment actions under Ky. Rev. Stat. § 418.040).

While Petitioner does not provide the date on which the warden denied his appeal, he has until one-year from the date of denial in which to file a state declaratory judgment action. Following complete exhaustion through the Kentucky state courts, if the state courts fail to grant relief, Petitioner may file a new federal habeas petition in this Court, although Petitioner should be mindful of the one-year limitations period[2] in 28 U.S.C. § 2244(d). *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

---

[2] The time during which the instant § 2241 petition has been pending does not toll the one-year statute of limitations for filing a federal habeas petition. Therefore, following complete exhaustion of available state-court remedies, Petitioner should promptly refile a habeas petition in this Court to ensure its timeliness.

The Court, therefore, will enter deny the petition and dismiss this action without prejudice for failure to exhaust.

### Certificate of Appealability

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability (COA) may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. When, however, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its ruling to be debatable. Thus, a COA is not warranted.

The Court will enter an Order consistent with this Memorandum Opinion.

Date: December 9, 2016

**David J. Hale, Judge**
**United States District Court**

cc: Petitioner, *pro se*
    Respondent
    Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601

4415.005